UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 9, 2018

LETTER TO COUNSEL

RE: *Adrian L. Holmes, Sr. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-2833

Dear Counsel:

On September 22, 2017, Plaintiff Adrian L. Holmes, Sr. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Holmes's Reply. [ECF Nos. 17, 20, 21]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Holmes protectively filed his claim for SSI on September 17, 2013, alleging a disability onset date of May 22, 2012. (Tr. 154-62). His claim was denied initially and on reconsideration. (Tr. 87-90, 94-95). A hearing was held on August 8, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 25-58). Following the hearing, the ALJ determined that Mr. Holmes was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-20). The Appeals Council denied Mr. Holmes's request for review (Tr. 1-5), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Holmes suffered from the severe impairments of "glaucoma in the right eye, asthma, degenerative disc disease, obesity, bipolar disorder, depression, and substance abuse." (Tr. 12). Despite these impairments, the ALJ determined that Mr. Holmes retained the residual functional capacity ("RFC"):

> to lift and or carry 20 pounds occasionally and 10 pounds frequently. He could stand or walk for a total of four hours in an eight-hour workday. He could sit for a total of six hours in an eight-hour workday. The claimant could push and pull as much as he can lift and or carry. He could occasionally climb ramps and stairs,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> but never ladders, ropes, or scaffolds. He could occasionally balance, stoop, kneel, crouch, and crawl. He could occasionally have exposure to extreme cold and heat, wetness and humidity, and pulmonary irritants, including fumes, odors, dusts, gases, and poor ventilation. He can have frequent, but not constant, field of vision, depth perception, and far acuity. He can constantly understand, remember, and carry out instructions concerning simple, routine tasks, performed at a repetitive pace, but not an assembly line pace. He can occasionally understand, remember, and carry out instructions concerning detailed tasks. He can make simple decisions constantly, make detailed decisions occasionally, and he could have occasional interaction with supervisors, coworkers, and the public.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Holmes could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 18-19).

Mr. Holmes's sole argument on appeal is that the ALJ failed to resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") pursuant to the Fourth Circuit's ruling in *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). Specifically, Mr. Holmes argues that the ALJ failed to identify and resolve an apparent conflict between the ALJ's finding that Mr. Holmes could constantly perform simple, routine, repetitive tasks, but could only "occasionally understand, remember, and carry out instructions concerning detailed tasks. . . . make simple decisions constantly, [and] make detailed decisions occasionally," and the VE's testimony that Mr. Holmes could perform the job requirements of a router, office helper, and non-postal mail clerk, which "require General Education Development ("GED") Reasoning Codes of either 2 or 3." Pl.'s Mot. 11-12; *see e.g.*, Router, Dictionary of Occupational Titles, DICOT 222.587-038 (G.P.O.), 1991 WL 672123 (1991) (requiring Reasoning Level 2); Office Helper, Dictionary of Occupational Titles, DICOT 239.567-010 (G.P.O.), 1991 WL 672232 (1991) (same); Non-Postal Mail Clerk, Dictionary of Occupational Titles, DICOT 209.687-026 (G.P.O.), 1991 WL 671813 (1991) (requiring Reasoning Level 3). According to the DOT, Reasoning Level 3 requires the claimant to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. . . . [and] [d]eal with problems involving several concrete variables in or from standardized situations." *See, e.g.*, Non-Postal Mail Clerk, Dictionary of Occupational Titles, DICOT 209.687-026 (G.P.O.), 1991 WL 671813 (1991). In contrast, Reasoning Level 2 requires the claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. . . . [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *See, e.g.*, Router, Dictionary of Occupational Titles, DICOT 222.587-038 (G.P.O.), 1991 WL 672123 (1991); Office Helper, Dictionary of Occupational Titles, DICOT 239.567-010 (G.P.O.), 1991 WL 672232 (1991).

In *Pearson*, the Fourth Circuit held that an ALJ has a duty, independent of the VE, to identify any "apparent conflicts" between the VE's testimony and the DOT and to resolve any such conflicts. *Pearson*, 810 F.3d at 208-10. The Fourth Circuit noted that the ALJ's duty to identify and resolve conflicts with the DOT extends beyond simply asking the VE whether his testimony is consistent with the DOT. *Id.* Rather, the Fourth Circuit clarified that "the *ALJ* (not the [VE]" is required to "'[i]dentify and obtain a reasonable explanation' for conflicts between

2

the [VE's] testimony and the [DOT][.]" *Id.* at 208 (emphasis in original) (citing SSR 00-04p). The Fourth Circuit limited the ALJ's duty to identifying "apparent" conflicts, which it held to mean "that the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the [DOT]. For the Ruling [SSR 00-4p] explains that '[i]f the [VE]'s…evidence appears to conflict with the [DOT], the adjudicator will obtain a reasonable explanation for the *apparent* conflict.'" *Id.* at 209 (emphasis in original). In *Pearson*, the apparent conflict at issue involved the degree of reaching required for a job identified by the VE. *Id.* at 210-11. According to the DOT, the job required frequent reaching, in no specific direction, while the claimant was limited to occasional overhead reaching with one arm. *Id.* Thus, the Fourth Circuit found that the ALJ erred by failing to identify and resolve the apparent conflict between the VE's testimony that the claimant could perform the job and the job requirements provided by the DOT. *Id.*

The Fourth Circuit extended the *Pearson* reasoning in *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016) (unpublished), to apparent conflicts between the plaintiff's mental limitations and his ability to perform certain jobs. Specifically, the VE in *Henderson* testified that the claimant was capable of performing jobs with a GED reasoning level of 2, even though he was limited to performing "simple one-to-two step tasks with low stress." 643 F. App'x at 276-77. The Fourth Circuit noted that "GED Reasoning Code 2 requires the employee to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Id.* (citing <u>Dictionary of Occupational Titles</u>, 1991 WL 688702 (2008)). The Fourth Circuit held that there was an apparent conflict in the VE's testimony, and that the ALJ's failure to identify and reconcile the conflict warranted remand. *Id.* at 277-78.

The *Henderson* ruling, which is an unpublished decision creating non-binding precedent, appears limited to the language of "simple one-to-two step tasks." Otherwise, courts have repeatedly found that occupations with Reasoning Levels of 2 and 3 are consistent with a claimant's ability to perform simple, routine work. *See, e.g.*, *Johnson v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-17-1819, 2018 WL 2248412, at *10-11 (D. Md. May 16, 2018) (holding that there was no apparent conflict between the claimant's RFC limitation to "simple, routine, repetitive tasks" and Reasoning Level 3 jobs while noting that "this Court has consistently found that reasoning levels of two or three are consistent with limitations to simple instructions."); *Clarkson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-11-631, 2013 WL 308954, at *1-2 (D. Md. Jan. 24, 2013) (holding that there is "no inherent inconsistency" between the claimant's RFC limitation to "low concentration, low memory and simple routine work" and Reasoning Level 3 jobs); *Blum v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-1833, 2013 WL 2902682, at *3 (D. Md. June 11, 2013); *see also Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding no inconsistency between a job with a reasoning level of 3 and a hypothetical limited to "simple, concrete instructions"); *Hacket v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with Plaintiff's RFC" to "simple and routine work tasks").

Mr. Holmes argues that the ALJ's determination that Mr. Holmes had the ability to "occasionally understand, remember, and carry out instructions concerning detailed tasks" and to "make detailed decisions occasionally" places additional limits on Mr. Holmes's ability within the realm of simple, routine work. Pl.'s Reply 2-5. I disagree. The ALJ's plain language

3

expands Mr. Holmes's functional capacity beyond that of a claimant limited to simple, routine work. The cases cited by Mr. Holmes are distinguishable, not because their RFCs lack what Mr. Holmes argues is an additional limitation in his ability to perform detailed tasks, but because those RFCs were framed as limitations to simple, routine tasks only. *See e.g.*, *Blum v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-1833, 2013 WL 2902682, at *1-3 (D. Md. June 11, 2013) (finding no inconsistency between an RFC "with the following nonexertional limitation[]: …entry level unskilled work" and Reasoning Level 2); *Davis v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-2779, 2013 WL 153594, at *1-2 (D. Md. Jan. 14, 2013) (finding no inconsistency between an RFC limiting claimant to "only perform simple routine unskilled 1-2 step jobs" and Reasoning Level 2); *Mamidov v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-3628, 2013 WL 150018, at *1-2 (D. Md. Jan. 11, 2013) (finding no inconsistency between an RFC "limited to work involving only understanding, remembering, and carrying out simple instructions" and Reasoning Level 2); *Yates v. Astrue*, No. PWG-09-3394, 2012 WL 280528, at *1-2 (D. Md. Jan. 20, 2012); *Fontz v. Astrue*, No. PWG-09-740, 2010 WL 2025565, at *1-2 (D. Md. May 19, 2010). The cases did not list any limitations respecting detailed work because the RFC assessments themselves precluded detailed work.

In contrast, Mr. Holmes's RFC was framed not as a limitation to only simple, routine tasks, but instead as an ability to occasionally perform detailed tasks, in addition to his ability to perform simple, routine tasks. Mr. Holmes is constantly capable of simple, routine work, *plus* he has the occasional ability to perform detailed tasks and make detailed decisions. (Tr. 14). That language expands, and does not restrict, the scope of Mr. Holmes's ability to perform simple, routine, unskilled work. Importantly, Reasoning Level 2 requires "detailed but uninvolved written or oral instructions," but here, the RFC assessment did not limit Mr. Holmes to "uninvolved" detailed tasks. In addition, even if Reasoning Level 3's requirements of "instructions furnished in written, oral, or diagrammatic form" require too much detail, all but one of the jobs cited by the VE were only Reasoning Level 2 jobs. Thus, even if the ALJ arguably needed to reconcile an apparent conflict between the RFC and the Reasoning Level 3 job (Non-Postal Mail Clerk), the error would be harmless because the VE identified other jobs consistent with Mr. Holmes's RFC (Router and Office Helper). *See Halpern v. Colvin*, Civil No. TDC-14-2538, 2016 WL 429965, at *10 (D. Md. Feb. 4, 2016) (holding that, although "there is an apparent conflict between the [RFC] to perform simple, repetitive tasks, and the demands of Level 3 reasoning," the ALJ's failure to reconcile this apparent conflict was harmless because the VE identified other jobs consistent with the claimant's RFC).

Mr. Holmes cites no case law or other authority supporting his position that his RFC assessment should be read to restrict his ability below that of simple, routine tasks. I find that the conflict cited by Mr. Holmes is not "apparent" as characterized by the Fourth Circuit. The Fourth Circuit explicitly sought to avoid a standard that would "require the ALJ to do more than simply compare the express language of the *Dictionary* and the vocational expert's testimony, and would allow the claimant to nitpick an ALJ's or expert's word choice on appeal." *Pearson*, 810 F.3d at 209. Thus, the ALJ did not fail to identify any conflicts between the VE's testimony and the DOT.

4

For the reasons set forth herein, Plaintiff's motion for summary judgment, [ECF No. 17], will be DENIED and Defendant's motion for summary judgment, [ECF No. 20], will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge